IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| WILKERSON FRANCIS INVESTMENTS, LLC | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 3:19-cv-582 |
| AMERICAN ZURICH INSURANCE COMPANY | ) ) ) ) | **TRIAL BY JURY IS DEMANDED** |
| Defendant. | ) ) ) | |

# **COMPLAINT**

Plaintiff, Wilkerson Francis Investments, LLC ("Plaintiff"), by counsel, pursuant to 28 U.S.C. §§ 2201(a) and 2202 and Rules 8(a) and 57 of the Federal Rules of Civil Procedure, files the following Complaint for Declaratory Judgment against Defendant, American Zurich Insurance Company ("Defendant").

This is a declaratory judgment action in which Plaintiff seeks a declaration that its business loss is covered under an insurance policy issued by the Defendant.

## **Parties, Jurisdiction and Venue**

1. Plaintiff is a limited liability company organized and existing under the laws of the Commonwealth of Virginia. Plaintiff is in the HVAC/Plumbing business. Plaintiff trades as "Francis Mechanical".

2. All of Plaintiff's members are citizens of Virginia who reside within the Richmond Division of the United States District Court for the Eastern District of Virginia.

3. Plaintiff's manager is Charles W. "Charlie" Francis. Mr. Francis is a licensed HVAC contractor (DPOR License Number 2710023682) and a Master Plumber (DPOR License Number 2710062300). He has been in the HVAC/Plumbing business in Richmond, Virginia, for over twenty (20) years.

4. Defendant is an Illinois corporation, with its headquarters and principal place of business in Schaumburg, Illinois.

5. Defendant is a property and casualty insurer that is authorized and approved to transact an insurance business in Virginia (Company Number 40142). Defendants transacts substantial business in Virginia and, specifically, within the Richmond Division.

6. The Court has jurisdiction of this coverage case pursuant to 28 U.S.C. § 1332(a)(1) (Diversity of Citizenship). There is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

7. Venue is proper in the United States District Court for the Eastern District of Virginia, Richmond Division, pursuant 28 U.S.C. § 1391. Defendant maintains its registered agent in the City of Richmond, Virginia. A substantial part of the events and omissions giving rise to the claims for relief occurred in Henrico County within the Richmond Division.

**Statement of Material Facts**

8. On August 25, 2016, Plaintiff purchased a new 2016 Dodge RAM Promaster Truck (the "Vehicle") for use in connection with its HVAC/Plumbing business. The purchase price was $39,000.00. When it was titled in September 2016, the odometer showed that the Vehicle had only 21 miles on it.

9. Outfitted with specialized racks, safety equipment for handling hazardous materials (such as refrigerant), and other special features, the Vehicle was fully operational and immediately ready to be deployed in Plaintiff's business. At all times material to this action, Plaintiff had the manpower and ability to use the Vehicle at its full capacity.

10. Plaintiff purchased the Vehicle and added it to its fleet because Plaintiff's business was growing. Specifically, Charlie Francis had secured contracts to install new HVAC systems in residential apartment complexes in Henrico County pursuant to a Dominion Virginia Power rebate program, whereby Dominion Power offered property owners a $200 rebate for upgrading their HVAC systems. The last day to perform work under Dominion Power rebate program was December 24, 2016.

11. Plaintiff's main contract was with the multi-unit Gerwyn Manor Apartments in Sandston, Virginia, managed by Aspire Property Management ("Aspire"). On August 29, 2016, Plaintiff provided an estimate to Aspire (labor only) for the installation of new HVAC systems in 200 units at the Gerwyn Manor. The total contract sum was $200,000.

12. With both the new Vehicle and Plaintiff's Truck 497 in-service, Plaintiff easily would have been able to install new HVAC systems in all 200 Gerwyn Manor units prior to December 24, 2016.

13. Plaintiff purchased the Vehicle to perform the Gerwyn Manor contract and other work that was available to Plaintiff, including HVAC system replacement at Heritage Pointe Apartments (225 units) and Culpeper Farms Apartments (180 units).

14. On October 24, 2016, the Vehicle was hit by a truck owned and operated by Gemaire.

15. At the time of the accident, Gemaire's truck was insured by the Defendant.

16. The Vehicle sustained substantial damage in the accident, and was rendered inoperable and unusable in Plaintiff's business.

17. At Defendant's direction, the Vehicle was towed to Kernersville Tire & Diesel ("KTD") in Kernersville, North Carolina.

18. On or about December 2, 2016, Defendant (through its claims services provider, Gallagher Bassett Services, Inc. ("GBS") tendered a check to Plaintiff in the amount of $10,869.22 for the repair of the Vehicle.

19. KTD completed repairs to the Vehicle on December 13, 2016.

20. The Vehicle was out-of-service the entire time between October 24, 2016 and December 13, 2016.

21. Because of the nature of the Vehicle (with its specialized racks, safety equipment to handle hazardous materials [refrigerant, oxygen and acetylene), trade tools, and other features), customer demands and governmental regulations, Plaintiff could not have secured another vehicle to replace the Vehicle.

22. As a direct and proximate result of the Gemaire accident and the loss of use of the Vehicle, Plaintiff suffered a significant loss of business.

23. As of October 24, 2016, Plaintiff was ready, willing and able to perform the Gerwyn Manor work and other work that Plaintiff had secured. Plaintiff had the manpower, the experience, the name and reputation, and the job opportunities. By 2016, Charlie Francis had a long track record over many years of successfully performing HVAC system repair and replacement contracts. Although the Vehicle was new at the time of the accident, a truck of this type (with its specialized racks, safety equipment and other features) historically generated $750-$850 per day in revenue for Mr. Francis. Indeed, between October 24, 2016 and December 13, 2016, Plaintiff's other trucks (Truck 497 and Truck T14) generated sales of $85,506.56 and $119,225.64, respectively. Truck 497, in fact, worked on the Gerwyn Manor project.

24. Based upon Charlie Francis' experience, including his historic sales and success as an HVAV/Plumbing contractor in Henrico County, the actual performance of Trucks 497 and T14 between October 24, 2016 and December 13, 2016, and the scope of the Gerwyn Manor project, Plaintiff, through the use of the Vehicle, would have been able to produce revenues equal to or greater than the average of those revenues actually generated by Trucks 497 and T14 between October 24, 2016 and December 13, 2016, or $102,336.10. Subtracting actual expenses that Plaintiff would have incurred, Plaintiff's total lost profits from its inability to use the Vehicle between October 24, 2016 and December 13, 2016 is $80,851.67.

25. Plaintiff suffered lost business in an amount not less than $80,851.67 as a direct result of the accident proximately caused by Gemaire.

26. As a result of the accident, the value of the Vehicle also declined and depreciated by at least $7,800.

27. Plaintiff's business loss is covered under the policy issued to Gemaire by the Defendant.

28. Plaintiff duly submitted a claim to Defendant for the loss of business caused by Defendant's insured.

29. In a January 16, 2017 letter to GBS, Plaintiff supplied invoices, detailed financial statements and other information that confirmed its business loss to a reasonable degree of certainty.

30. On May 10, 2017, Defendant's legal counsel advised that Defendant rejected Plaintiff's claim because it was "speculative in light of the fact that [Plaintiff's] business was established in 2016 and fluctuates between 'high' and 'low' seasons." Defendant stated that it was "unable to reach an accurate figure confirming your alleged lost profits in accordance with the established requisite standards that have been explained by Virginia law."

31. Contrary to Defendant's assertion, Plaintiff established its lost profits with "reasonable certainty".

## COUNT I – DECLARATORY JUDGMENT

**(For A Declaration The Gemaire Policy Affords Coverage For Plaintiff's Loss)**

32. Plaintiff restates paragraphs 1 through 31 of this Complaint and incorporates them herein by reference.

33. Plaintiff's business loss is covered by the Gemaire policy.

34. Although Plaintiff LLC was organized in 2016, it is not a new business. It is a continuation of Charlie Francis' decades-long business. Charlie Francis has been a successful HVAC/Plumbing contractor in Henrico County for over twenty (20) years. He has an established name, reputation, good will, established ability to perform, established earning capacity, and track record of substantial profits. His established business and established earnings records is the best gauge of Plaintiff's damages. In October 2016, Francis had sufficient business, manpower, and resources to deploy the Vehicle on a full-time basis. Truck 497 was, in fact, deployed on the Gerwyn Manor job, and earned a substantial profit from the work it performed. The actual profit generated by Truck 497 is consistent with prior profits generated by Charlie Francis' trucks and the subsequent earnings record of the Plaintiff. There was substantial additional work to be performed under the Gerwyn Manor contract, and, thus, the work capacity was there. It is reasonable to conclude that the new Vehicle, purchased and outfitted to handle the large Gerwyn Manor project, and properly manned and supervised by Mr. Francis, would have produced a net profit of $80,851.67 between October 24, 2016 and December 13, 2016.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above and to be shown by the evidence, Plaintiff seeks a Declaration that its loss is covered by the Gemaire policy, and further Order that Defendant pay the covered loss.

DATED:     August 13, 2019

WILKERSON FRANCIS INVESTMENTS, LLC


By:   */s/Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:   (804) 501-8272
      Facsimile:   (202) 318-4098
      Email:   **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*